IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  ALICE ARIAS-BARAJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-CV-178-SPS |
| v. | ) | |
| | ) | |
| 1.  MERCY HOSPITAL ADA, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

Plaintiff Alice Arias-Barajas, by and through her counsel of record, STOCKTON LAW GROUP, PLLC, respectfully files her Complaint against Defendant Mercy Hospital Ada, Inc., as follows:

## THE PARTIES

1. Plaintiff Alice Arias-Barajas ("**Plaintiff**" or "**Arias**") is an individual adult female who resides in Pontotoc County, Oklahoma.

2. Defendant Mercy Hospital Ada, Inc. ("**Defendant**" or "**Mercy**") is a domestic not-for-profit corporation that conducts business in the state of Oklahoma.

## JURISDICTION AND VENUE

3. This civil action arises from the wrongful termination of Plaintiff's employment and is based on claims of sex discrimination, sexual harassment, the creation of a hostile work environment, and retaliation for opposing discriminatory practices in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et*

1

*seq*.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff exhausted her administrative remedies by submitting an Intake Questionnaire with the Equal Employment Opportunity Commission ("**EEOC**") on or about June 25, 2014, and a Charge of Discrimination with the EEOC on or about July 2, 2014. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated February 11, 2015, and has filed this action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

6. Defendant conducts business in Pontotoc County, Oklahoma, and all acts complained of occurred in or around Pontotoc County. Because Pontotoc County is located within the Eastern District for the United States District Courts of Oklahoma, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff Alice Arias-Barajas, who is female, began her employment with Defendant Mercy Hospital Ada, Inc., on or about March 31, 2014, as a linen technician. She held this position until her discharge on or about June 26, 2014.

8. Throughout her employment, Arias performed her job satisfactorily and was qualified for her position.

9. Almost immediately after her hire, Arias was subjected to unwanted and

unwelcome sexual, gender, and racial comments by Audrea Keller, the First Lead of the Linen Department and one of Arias's supervisors. For example, Keller spoke openly, often, and explicitly of her sexual relationship with her husband and of her husband's genitals. In addition, Keller made inappropriate racial comments about African-American males. Furthermore, Keller made comments about a male employee that were based on gender stereotypes. Arias was offended by Keller's conduct and it was not welcome.

10. In or around late April or early May 2014, Arias verbally complained to the Linen Department Supervisor, Oliver Wells, about Keller's conduct.

11. Despite Arias's initial complaint to Wells, Keller's comments and conduct continued.

12. On or about June 8, 2014, Keller called Arias into the office. Keller threatened Arias when she told Arias that Arias "had better fix whatever problem" Arias had with Keller.

13. The next day, on or about June 9, 2014, Arias verbally complained to Wells about Keller's continued conduct and threats. That same day, Arias also met with Wells's supervisor, Darryl Hatcher, the Environmental Director, about her complaints.

14. On or about June 12, 2014, Arias submitted a written complaint to Defendant regarding Keller's conduct.

15. Approximately four (4) days later, on or about June 16, 2014, Arias was called into a meeting with Kristi Bolen, the Human Resources Supervisor. During the meeting,

Arias again complained about Keller's conduct.

16. After complaining to Defendant about Keller's conduct, Arias suffered retaliation from Defendant because of her complaints.

17. On or about June 18, 2014, Arias submitted a written complaint to Bolen, alleging that she was suffering from retaliation, including from Keller. After Arias complained about Keller's conduct, Keller treated Arias differently, and negatively, in terms of Arias's work duties and responsibilities.

18. Thereafter, Arias suffered further retaliation because of her complaints.

19. For example, on or about June 23, 2014, Wells yelled at Arias in front of other employees. She then met with Hatcher, who then called Human Resources. Then, she was suspended by Defendant with pay.

20. The next morning, on or about June 24, 2014, Arias attended a meeting regarding her complaints, during which she spoke with Katrina Godfrey, Human Resources Director; Bolen, Human Resources Supervisor; and Hatcher, Environmental Director.

21. During this meeting, Arias informed Defendant that she had been in contact with the Equal Employment Opportunity Commission regarding her complaints. During this meeting, Arias was accused of using foul language and was asked if she was a "team player." Godfrey told Arias that there was "no proof" of Keller's conduct and that the matter was "closed." Arias was later sent home with pay at Defendant's direction.

22. Approximately two (2) days later, on or about June 26, 2014, Arias was

discharged from her employment in a meeting with Bolen, Godfrey, and Hatcher. During her termination meeting, Arias was told that she had not developed "good working habits" and that she had not striven to establish "positive relationships."

23. The stated reasons for Arias's discharge, however, were merely pretext for Defendant's discrimination, harassment, and retaliation of Arias.

24. As a result of the conduct alleged above, Arias has suffered damages.

## THEORY OF RECOVERY:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff incorporates all prior allegations and further alleges and states as follows:

25. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, in the nature of sex discrimination, sexual harassment, the creation of a hostile work environment, and retaliation for opposing unlawful employment practices.

26. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

27. Because Defendant's actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to back pay, future wages, emotional distress damages, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, and all other relief as this Court may deem equitable and appropriate and allowed by law.

Respectfully submitted,

s/ Joshua C. Stockton
Joshua C. Stockton, OBA # 21833
STOCKTON LAW GROUP, PLLC
1221 S. Holly Avenue
Yukon, OK 73099
Phone: (405) 354-1120
Fax: (405) 354-3591
Email: stocktonlawgroup@gmail.com
***Attorney for Plaintiff Alice Arias-Barajas***